ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| FELICITA COLÓN HERNÁNDEZ<br><br>Parte Peticionaria<br><br><br>v.<br><br><br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Parte Recurrida | TA2026CE00627 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Municipal de Mayagüez<br><br><br>Caso Núm.:<br>MZ2026MU00501<br><br><br>Sobre:<br>Recurso de Revisión de Multa Administrativa al amparo de la Ley Núm. 22 2000, según enmendada, conocida como Ley de Vehículos y Tránsito de Puerto Rico |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de junio de 2026.

Compareció ante este Tribunal la parte peticionaria, Felicita Colón Hernández (en adelante, la "señora Colón Hernández" o la "Peticionaria"), mediante petición de *certiorari* presentada el 15 de mayo de 2026. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, el "TPI"), el 20 de marzo de 2026, notificada y archivada en autos el 24 de marzo del mismo año. Mediante el referido dictamen, el TPI declaró "No Ha Lugar" el "**Recurso de Revisión de Multa Administrativa de Tránsito**" presentado por la Peticionaria. Dicho dictamen fue objeto de una "**Moción de Reconsideración**" interpuesta por la Peticionaria, la cual fue declarada "No Ha Lugar" mediante *Orden* del 9 de abril de 2026, notificada y archivada en autos el siguiente 15 de abril.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

**I.**

El caso de autos se originó el 26 de enero de 2026, cuando el agente Gabriel Vázquez (en adelante, "agente Vázquez") de la Policía Municipal de Mayagüez, número de placa 50196, expidió el boleto por falta administrativa número 369893 contra un vehículo de marca y modelo Mitsubishi Lancer, del año 2006, color vino y con número de tablilla GNW724. La infracción imputada era por estacionarse sobre la acera, en violación al Artículo 6.19(a)(1) de la Ley Núm. 22-2000, según enmendada, conocida como la "Ley de Vehículos y Tránsito de Puerto Rico", 9 LPRA sec. 5169 (a)(1). La multa a pagar era por la suma de doscientos dólares ($200.00).

Inconforme, la Peticionaria presentó oportunamente un "**Recurso de Revisión de Multa Administrativa**" ante el TPI. El tribunal primario señaló la vista en su fondo para el 20 de marzo de 2026 y citó tanto al agente Vázquez como a la Peticionaria. El día de la vista, el TPI tuvo la oportunidad de escuchar el testimonio de la Peticionaria y de su hijo, quien era la persona que conducía el vehículo al momento de recibir el boleto, al igual que el del agente Vázquez.

Ese mismo día, el TPI emitió una *Resolución* declarando "No Ha Lugar" el recurso de revisión de la Peticionaria. Insatisfecha con dicho dictamen, el 8 de abril de 2026, la Peticionaria presentó una "**Moción de Reconsideración**" y otra "**Moción de Reconsideración Enmendada**". El tribunal *a quo* declaró "No Ha Lugar" dicha solicitud de reconsideración.

Aún inconforme con las determinaciones del TPI, el 15 de mayo de 2026, la señora Colón Hernández acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> ERRÓ EL FORO RECURRIDO AL SOSTENER LA INFRACCIÓN SIN EVIDENCIA SUSTANCIAL SUFICIENTE PARA DEMOSTRAR QUE EL PUNTO ESPECÍFICO OCUPADO POR EL VEHÍCULO CONSTITUÍA UNA "ACERA" CONFORME A LA LEY.

El 18 de mayo de 2026, emitimos *Resolución* mediante le concedimos a la parte recurrida un plazo para presentar su alegato en oposición. Ha transcurrido en exceso del término concedido, sin que ésta solicitara prórroga o compareciera a oponerse a lo solicitado por la Peticionaria.

En vista de lo anterior, adjudicamos los méritos del recurso sin el beneficio de su comparecencia.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR 314, 336 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición

de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayón, *supra*, pág. 335. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

Es norma conocida en nuestro ordenamiento jurídico que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de

Primera Instancia. <u>Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.</u>, 209 DPR 759, 779 (2022). Al respecto, la Regla 42.2 de las Reglas de Procedimiento Civil dispone que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos". 32 LPRA Ap. V, R. 42.2.

Es decir, un tribunal apelativo no tiene facultad de sustituir por sus propias apreciaciones las determinaciones del foro de instancia. <u>Serrano v. Auxilio Mutuo</u>, 171 DPR 717, 741 (2007). La razón jurídica detrás de esta normativa se fundamenta en la apreciación que hace el adjudicador de los hechos de la prueba testifical, porque al ser una tarea llena de elementos subjetivos, es él quien está en mejor posición para aquilatarla. <u>Sucn. Rosado v. Acevedo Marrero</u>, 196 DPR 884, 917 (2016). El Tribunal de Primera Instancia es el foro que tiene la oportunidad de escuchar el testimonio y apreciar el comportamiento de los testigos. <u>Dávila Nieves v. Meléndez Marín</u>, 187 DPR 750, 771 (2013). Basándose en ello, adjudica la credibilidad que le merecen los testimonios. Así, la declaración directa de un sólo testigo, de ser creída por el juzgador de hechos, es prueba suficiente de cualquier hecho. <u>SLG Rivera Carrasquillo v. AAA</u>, 177 DPR 345, 357 (2009).

A tenor con lo anterior, se le concede respeto a la adjudicación de credibilidad realizada por el juzgador primario de los hechos, dado que el foro apelativo cuenta solamente con "récords mudos e inexpresivos". <u>Trinidad v. Chade</u>, 153 DPR 280, 291. No obstante, la norma de deferencia judicial tiene límites y no supone una inmunidad absoluta frente a la función de los tribunales revisores. El Tribunal Supremo aclaró en <u>Dávila Nieves v. Meléndez Marín</u>, *supra*, por primera vez, qué constituye que un juez adjudique con pasión, prejuicio o parcialidad, o que su determinación sea un error manifiesto. Allí se concluyó que un juzgador incurre en pasión, prejuicio o parcialidad si actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna". <u>Íd</u>., pág. 782.

Por otro lado, se consideran claramente erróneas las conclusiones del foro revisado si de un análisis de la totalidad de la evidencia, el foro apelativo queda

convencido de que "se cometió un error, [...] [porque] las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida". Íd., pág. 772. En otras palabras, incurre en un error manifiesto cuando "la apreciación de esa prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble". Pueblo v. Toro Martínez, 200 DPR 834, 859 (2018).

Por lo tanto, la facultad de los tribunales apelativos para sustituir el criterio de los tribunales de instancia se reduce a aquellas circunstancias en las que, a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación". Gómez Márquez *et al.* v. El Oriental, 203 DPR 783, 794 (2020). Como es conocido, las diferencias de criterio jurídico no cumplen con el referido estándar de revisión. Íd.

**C.**

La Ley Núm. 22-2000, mejor conocida como la "Ley de Vehículos y Tránsito de Puerto Rico", 9 LPRA sec. 5001 *et seq.*, rige todo lo concerniente al uso de las vías públicas en Puerto Rico. La misma otorga amplia facultad al Secretario del Departamento de Transportación y Obras Públicas para reglamentar dicho uso. Esto incluye la utilización de lugares específicos como estacionamientos.

El Artículo 6.19 de la Ley Núm. 22-2000 dispone que aquella persona que se estacione sobre los sitios allí enumerados estará sujeta a una multa de doscientos dólares ($200.00). 9 LPRA sec. 5169. En lo concerniente al caso que nos ocupa, el inciso (a)(1) del aludido Artículo prohíbe a toda persona estacionarse sobre una acera. Según la propia Ley Núm. 22-2000, *supra*, el término "acera" se define como "aquella porción de la vía pública construida específicamente para el uso de los peatones". 9 LPRA sec. 5001(1).

En lo pertinente al procedimiento administrativo, el Artículo 23.05(l) de dicha ley establece que la revisión de multas administrativas de tránsito deberá solicitarse ante el Tribunal con jurisdicción dentro del término de treinta (30) días desde el recibo de la notificación. 9 LPRA sec. 5685(l). Por su parte, el Artículo 10 del Reglamento Núm. 8591 de 14 de mayo de 2015 del Departamento de Transportación y Obras Públicas, conocido como el "Reglamento del Cuerpo de Ordenamiento de Tránsito", refleja que los recursos de revisión por multa

administrativas serán, en primer lugar, ante el Tribunal de Primera Instancia y, luego de agotar los remedios allí provistos, ante el Tribunal de Apelaciones, siguiendo el procedimiento establecido en las Reglas de Procedimiento Civil. Íd., pág. 11.

**III.**

En el presente caso, la Peticionaria nos solicitó la revocación de la *Resolución* del TPI, a través de la cual se declaró "No Ha Lugar" el "**Recurso de Revisión de Multa Administrativa de Tránsito**". Solicitó, además, que dejemos sin efecto la infracción impugnada. En síntesis, plantea que el TPI erró al sostener la multa sin evidencia sustancial que demostrara que el espacio ocupado por el vehículo constituía una acera, según su definición en ley.

Tras un análisis sosegado del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido y de la transcripción de la prueba oral (TPO), encontramos que el TPI no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco la Peticionaria demostró que el foro de instancia actuó con prejuicio o cometiera un error manifiesto en su determinación. Una lectura de la TPO refleja claramente que se dieron los elementos necesarios que justificaron la expedición del boleto en controversia y, por tanto, el caso de epígrafe no presenta los elementos requeridos para ejercer nuestra discreción e intervenir con la determinación recurrida.

Conforme adelantáramos en los acápites anteriores, los juzgadores de instancia son quienes están en mejor posición para aquilatar la prueba testifical. A falta de error manifiesto, prejuicio, parcialidad o pasión, un tribunal revisor no debe sustituir su propio criterio por el del juzgador primario. En este caso, el TPI tuvo la oportunidad de escuchar el testimonio del agente que emitió el boleto, de la Peticionaria y del hijo de esta última. Finalizada la vista de revisión y evaluada la prueba presentada, estimó que existía evidencia suficiente para sostener el boleto de tránsito, sobre lo cual, coincidimos al examinar los testimonios vertidos en sala.

En suma, concluimos que el caso en cuestión no satisface ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que exigiría la expedición del auto de *certiorari* para reemplazar el criterio del juzgador de instancia por el nuestro.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* presentado ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones